Stephanie R. Tatar, Esq. (SBN: 237792)
**Tatar Law Firm, APC**
3500 West Olive Ave., Suite 300
Burbank, CA 91505
(323) 744-1146 Telephone
(888) 778-5695 Facsimile
*Stephanie@TheTatarLawFirm.com*

Attorneys for Plaintiff,
**HOLLY BAILAND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY BAILAND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TCM FINANCIAL SERVICES, LLC,<br><br>Defendant. | **Case Action No.: 8:15-cv-138**<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT<br><br>Demand for Jury Trial |

## PLAINTIFF'S COMPLAINT

HOLLY BAILAND (hereinafter referred to as "Plaintiff"), by her attorney, Stephanie R. Tatar, alleges the following against TCM FINANCIAL SERVICES, LLC (hereinafter referred to as "Defendant"):

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Ace, 15 U.S.C. 1692 et

seq, Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.1 *et seq* and the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §227, *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff is an adult individual who resides in Irvine, California.

5. Defendant is a corporation with its principal office located in Los Angeles, California, and which regularly conducts business in the State of California. Defendant is regularly engaged in the business of collecting debts in the State of California, and the principle purpose of Defendant is the collection of debts using the mails and telephone and it regularly attempts to collect debt alleged to be due another.

## IV. FACTUAL ALLEGATIONS

6. The debt at issue arises out of a transaction which was primarily for personal, family or household purposes.

7. Defendant seeks to recover from Plaintiff monies related to an alleged debt owing since November 2003.

8. Upon information and belief, the statute of limitations has run on this alleged debt.

9. Defendant claims to be in pursuit of a judgment against Plaintiff. This judgment has not been produced, nor was Plaintiff ever provided notice of either a hearing or a judgment on this matter.

10. At all times pertinent hereto, Defendant made use of an automatic dialing system and use of an artificial or prerecorded voice to contact Plaintiff on her cellular telephone.

11. Since October, 2012, Defendant has engaged in continuous and repeated violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

12. Beginning on or around October 22, 2012, Defendant began contacting Plaintiff on her cellular phone in an attempt to collect the debt.

13. On or about October 23, 2012, Plaintiff sent Defendant a cease and desist letter, demanding that Defendant stop calling her.

14. Plaintiff sent this letter certified mail, and received confirmation that the letter was received by Defendant on October 26, 2012.

15. Defendant continues to call Plaintiff on Plaintiff's cellular phone after receipt of the letter.

16. In October, 2013, Plaintiff discovered that Defendant had re-aged the debt, and showed a new date of first delinquency as September 2008.

17. Defendant contacted Plaintiff, through the use of an autodialer or through the use of an artificial or prerecorded voice on her cellular telephone a multitude of times, including but not limited to at least ninety-two (92) calls from October 23, 2012 through December 2014.

18. In some messages left by Defendant, Defendant failed provide a meaningful disclosure of its identity.

19. Plaintiff did not provide express consent allowing Defendant to place telephone calls to Plaintiff's cellular phone using an artificial or prerecorded voice or place calls by using an automatic telephone dialing system.

20. Defendant called Plaintiff to coerce payment of the debt with the intent to annoy, abuse, or harass.

21. On or about November 21, 2013, Plaintiff returned a call to Defendant and spoke to a representative or agent of Defendant.

22. The representative or agent of Defendant identified himself as "Michael Hoff," who claimed Defendant had obtained a judgment against Plaintiff and that no written notice was required for judgments in consumer debt matters, in order to induce Plaintiff to pay the debt.

23. In all, Defendant has contacted Plaintiff's cell phone through the use of an autodialer or with the use of an artificial or prerecorded voice a minimum of 92 times, even after Plaintiff sent her letter demanding that she not be contacted.

24. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. Defendant acted in a false, deceptive, misleading, and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant knew or should have known that their actions violated the FDCPA, RFDCPA and TCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

28. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
## **15 U.S.C. §1692 *et seq***

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. The above contacts between Defendant and Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692f, and 1692g, as evidenced by the following conduct:

    a) Continuing to contact the Plaintiff after the Plaintiff notified Defendant that she wished the Defendant to cease further communication with her;

      b)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

      c)     Causing a telephone to ring and engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff;

      d)     Placing telephone calls without making a meaningful disclosure of the caller's identity;

      e)     Use of threats to take action that cannot legally be taken or is not intended to be taken;

      f)     The false representation of the amount, character or legal status of a debt, and improperly disclosing the debt to a third party;

      g)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false;

      h)     Failing to provide verification information of a debt pursuant to 15 U.S.C. 1692g of the FDCPA; and

      i)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37.     As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

      (a)     That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## COUNT II - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL.CIV.CODE §1788 *et seq.*

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendant sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

40. Defendant is not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

41. Defendant violated the RFDCPA based on the following:

a. Defendant violated §1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity;

b. Defendant violated §1788.11(d) of the RFDCPA by calling repeatedly or continuously to annoy and harass Plaintiff.

c. Defendant violated §1788.11(e) of the RFDCPA by communicating by telephone with Plaintiff with such frequency

as to be unreasonable and to constitute harassment to the debtor under the circumstances.

    d. Defendant violated §1788.13(j) by making misrepresentations that a legal proceeding has been instituted in order to induce Plaintiff to pay the alleged debt.

    e. Defendant violated §1788.17 of the RFDCPA by failing to comply with 15 U.S.C. 1692 (b), (c), (d) and (f).

42. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

43. As a result of the above violations of the RFDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT III – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 *et. seq.*

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

46. Defendant initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system or by using an artificial or prerecorded voice without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

47. The acts and/or omissions of Defendant were done willfully, knowingly unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

48. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

### **JURY TRIAL DEMAND**

49. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;
(b) Statutory damages;
(c) Punitive damages;
(d) Costs and reasonable attorney's fees; and
(e) Such other and further relief as may be just and proper.

Respectfully Submitted,
TATAR LAW FIRM, APC

DATE: January 29, 2015          By: _____
Stephanie R. Tatar
Attorney for Plaintiff